IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ENERGY FUTURE COALITION, et al., *Plaintiffs*, v. OFFICE OF MANAGEMENT AND BUDGET, et al., *Defendants*. | Civil Action No. 15-1987 (CKK) |

**MOTION FOR DOCUMENT PRODUCTION SCHEDULE**

Pursuant to the parties' Joint Proposed Briefing Schedule, filed on March 11, 2016, Plaintiffs Energy Future Coalition and Urban Air Initiative (collectively, "the Coalition"), hereby file this motion and proposed document production schedule and oppose the proposed document production schedule of Defendants Office of Management and Budget and Office of Information and Regulatory Affairs (collectively, "OMB").

Plaintiffs submitted this FOIA request to OMB almost a year ago, and OMB has failed to make a timely determination as required by the Freedom of Information Act ("FOIA"). OMB has also failed to meets its duty of due diligence, having failed to release a single record to the Coalition, despite having identified over 4,900 responsive records. OMB now proposes to produce records at a rate of only 500 email records a month, completing production by February 2017, almost two years

1

after the Coalition submitted their initial request for records. Plaintiffs oppose OMB's unjustified attempt to further delay its duty to "make the requested records promptly available." 5 U.S.C. § 552(a)(3)(A).

For the reasons that follow, Plaintiffs request that OMB instead produce responsive records at a rate of 1,000 per month and promptly make available any omitted email attachments at Plaintiffs' request.

## STATEMENT OF FACTS

### I. Procedural History

Plaintiffs submitted an initial FOIA request to OMB seeking records pertaining to "tailpipe emissions, air toxics, aromatic hydrocarbons, particulate matter (PM) and fine particulate matter ($PM_{2.5}$)," dated from January 20, 2009, to May 21, 2010. Complaint ¶ 6 & Ex. A. After OMB failed to make a determination within the mandatory statutory time-frame, Plaintiffs brought this suit on November 11, 2015, seeking to compel OMB to make the records promptly available to the Coalition. *Id.* at 6.

OMB filed its answer on January 19, 2016. In its answer, OMB admitted that it had failed to make a timely determination, as required by FOIA. Answer ¶¶ 10–11. OMB also admitted that is had failed to produce any responsive records to the Coalition. Answer ¶ 14.

In order to facilitate a more expeditious record production, Plaintiffs agreed to allow OMB to limit the scope of its search to specified search terms. Doc. 13, at 1.

OMB agreed to file a status report containing its proposed document production schedule on March 9, 2016. *Id.* at 2.

## II.   OMB's Proposed Document Production Schedule

OMB submitted its proposed document production schedule on March 9, 2016, pursuant to this Court's January 1, 2016 Order. OMB estimated 4,900 responsive emails (not including email attachments), and sought to produce only 500 documents per month, completing its review of responsive records by February of 2017. Doc. 14, at 1. OMB also sought to withhold email attachments until Plaintiffs requested them following review of the emails to which they were attached. *Id.* OMB finally proposed to produce a *Vaughn* Index within 60 days of Plaintiffs' request, if the agency withholds any records under FOIA. *Id.* at 2.

Without providing any supporting evidence, OMB asserted that its proposed 500 document per month rate of production was justified by the Agency's small size and limited FOIA staff. *Id.*

### PLAINTIFFS' OBJECTIONS TO OMB'S PROPOSED SCHEDULE

After having failed to produce a single document for over a year, OMB unjustifiably seeks to further delay Plaintiffs' access to requested records by producing emails at a rate of only 500 per month, or approximately 22 emails per business day. *Cf.*, *Meeropol v. Meese*, 790 F.2d 942, 947 (D.C. Cir. 1986) (citing with approval an order requiring the FBI to search [and] process [paper] documents at the rate of 40,000 pages per month). OMB's proposed rate of production is unreasonable: emails are native electronic documents that are easy to locate and

3

produce in electronic format. And emails tend to be relatively short documents (especially when attachments are excluded from the initial production, as OMB proposes), minimizing the agency's burden. Moreover, the agency's unsupported assertion that it has a "limited" FOIA staff does not explain why OMB's limited staff cannot process more than 22 emails per business day; nor does it justify the agency's year-long delay.

**PLAINTIFFS' PROPOSED DOCUMENT PRODUCTION SCHEDULE**

Plaintiffs request that this Court order OMB to produce not 500 but 1000 documents per month. This request is reasonable and could easily be fulfilled by a single employee: OMB has already identified the 4,900 documents that it says are responsive to Plaintiffs' request, OMB's initial production will exclude lengthy attachments, and this Court has previously ordered much faster document production schedules in other cases. *Cf. Meeropol v. Meese*, 790 F.2d at 947, and

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an order requiring OMB to:

1. review and produce 1,000 email records per month, beginning April 31, 2016.
2. Identify all email attachments that are withheld from any email produced, and provide any attachments within 60 days of Plaintiffs' request.
3. Produce a *Vaughn* index, within 60 days of Plaintiffs' request, identifying any documents that are withheld or redacted and explaining the basis for the decision to withhold or redact each document.

                    Respectfully submitted,

                    <u>/s/ Adam R.F. Gustafson</u>
                    C. Boyden Gray (D.C. Bar 122663)
                    Adam R.F. Gustafson (D.C. Bar 1010952)
                        *Counsel of Record*
                    Derek S. Lyons (D.C. Bar 995720)
                    James R. Conde
                    BOYDEN GRAY & ASSOCIATES
                    1627 I Street NW, Suite 950
                    Washington, DC 20006
                    202-955-0620
                    gustafson@boydengrayassociates.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA CIRCUIT

ENERGY FUTURE COALITION, et al.,

          *Plaintiffs*,

v.

OFFICE OF MANAGEMENT AND
BUDGET, et al.,

          *Defendants*.

Civil Action No. 15-1987 (CKK)

# [PROPOSED] ORDER

Upon consideration of Defendants' Status Report and Plaintiffs' Motion for Document Production Schedule, it is hereby

**ORDERED** that Defendants shall produce all responsive, non-exempt records to Plaintiffs at a rate of 1,000 records per month beginning **April 31, 2016**. It is

**FURTHER ORDERED** that in the case of email records, Defendants shall ensure that the records identify any and all email attachments that are withheld from any email produced, and shall provide any such attachments within 60 days of a request by Plaintiffs. It is

**FURTHERED ORDERED** that Defendant shall produce a *Vaughn* index identifying any documents that are withheld or redacted and explaining the basis for the decision to withhold or redact each document, within 60 days of a request by

Plaintiffs.

**SO ORDERED.**

                                                  _____
                                                  United States District Judge