UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY FUTURE COALITION, *et al.*,
    Plaintiffs

v.

OFFICE OF MANAGEMENT
AND BUDGET, *et al.*,
    Defendants.

Civil Action No. 15-1987 (CKK)

MEMORANDUM OPINION
(August 19, 2016)

Presently before the Court is Plaintiffs' [32] Motion for Reconsideration of the Court's Order issued on July 25, 2016, granting Defendants' [23] Motion for an *Open America* Stay. *See* Mem. Opinion and Order (July 25, 2016), ECF Nos. [30], [31]. Upon consideration of the parties' submissions, the relevant legal authorities, and the records as a whole—and for the reasons discussed in greater detail in the Court's Memorandum Opinion issued on July 25, 2016, which the Court hereby incorporates in full—the Court shall DENY Plaintiffs' [32] Motion for Reconsideration.

**I.  LEGAL STANDARD**

To prevail on a motion for reconsideration, the movant bears the burden of identifying an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). However, "[m]otions for reconsideration are disfavored [.]" *Wright v. F.B.I.*, 598 F. Supp. 2d 76, 77 (D.D.C.2009) (internal quotation marks and citation omitted). "The granting of such a motion is . . . an unusual measure, occurring in extraordinary circumstances." *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C.2011). Accordingly, motions for reconsideration may not be used to "relitigate old matters, or to raise arguments or present evidence that could have

1

been raised prior to the entry of judgment." *Jung v. Assoc. of Am. Med. Colls.*, 226 F.R.D. 7, 8 (D.D.C.2005) (internal quotation marks and citation omitted).

## II. DISCUSSION

Plaintiffs contend in their Motion for Reconsideration that the Court erred in granting the *Open America* stay requested by Defendant, arguing that (1) OMB failed to carry its burden of proof to establish that the agency exercised due diligence before the filing of the Complaint and (2) the Court's Order "overlooks OMB's own admission that its full-time FOIA workforce has doubled since OMB requested an *Open America* stay on the basis of its temporary personnel shortage in April." Pls.' Motion for Reconsideration, ECF No. [32], at 2, 4.

1. <u>OMB has met its burden of showing that it has exercised due diligence in responding to Plaintiffs' request.</u>

Plaintiffs argue in their Motion for Reconsideration that OMB failed to show that it exercised due diligence in responding to Plaintiffs' request, specifically in the time period prior to the filing of Plaintiffs' Complaint. Plaintiffs have not raised a new argument, nor have they pointed to any new evidence. Instead, Plaintiffs have simply repackaged an argument that it raised—and the Court carefully considered—during the initial briefing of Defendants' [23] Motion for an *Open America* Stay. *See* Pls.' Opp'n to Motion for Open America Stay, ECF No. [24], at 3-5 (discussing events prior to the filing of the Complaint and arguing that "OMB therefore cannot meet its 'burden of establishing that the agency is exercising due diligence in exceptional circumstances.' ").

In the Memorandum Opinion issued on July 25, 2016, the Court specifically addressed, and rejected, "Plaintiffs' argument that OMB had not exercised due diligence in responding to Plaintiffs' request on the grounds that OMB's paralegal failed to follow up after a phone conversation that took place on September 30, 2015." Mem. Opinion (July 25, 2016), ECF No.

2

[31], at 11 n.5.  The Court found that "*neither party* followed up on that phone conversation prior to Plaintiffs' filing of the Complaint on November 11, 2015," and that "any mistake by OMB was cured in light of the fact that soon after the filing of the Complaint, OMB's counsel contacted Plaintiffs' counsel, and the parties were able to reach an agreement that narrowed the scope of the request." *Id.* (emphasis in original).

To the extent that Plaintiffs are arguing in their Motion for Reconsideration that the Court's prior findings were in "clear error" or would result in a "manifest injustice," the Court has reconsidered its findings and has concluded that the findings are supported by the factual record and are consistent with applicable legal authorities.  Specifically, Plaintiffs contend that OMB failed to show that it has continuously exercised due diligence "since the request was received." Pls.' Mot. for Reconsideration, ECF No. [32].  However, prior to the filing of Plaintiffs' Complaint, OMB attempted on several occasions to contact Plaintiffs' counsel to discuss the narrowing of Plaintiffs' FOIA request—the first time in August 2015, to no avail, and the second time on September 30, 2015, which resulted in the apparent phone conversation with Plaintiffs' counsel.  *See* Hardy Decl., ECF No. [23-1], at ¶¶ 12, 13; Gustafson Decl., ECF No. [24-1], at ¶¶ 2-8, Exhibit B.  Furthermore, in response to Plaintiffs' Motion for Reconsideration, OMB produced additional evidence indicating that in August 2015, OMB's paralegal specialist "discussed the request with subject matters experts within OMB who were familiar with the topics of the FOIA request." Hardy Second Decl., ECF No. [33-1], at ¶ 9.  Specifically, OMB's employees discussed the "scope of the request, suggestions for ways to narrow the request that could be offered to the requester for his consideration, and the anticipated volume of documents that may exist relating to the requester's subject matter." *Id.*

Plaintiff would have the Court disregard the above evidence—which clearly describes OMB's efforts to narrow Plaintiffs' request—and instead find that OMB failed to exercise due diligence in responding to Plaintiffs' request on the sole grounds that OMB failed to follow up on the September 30, 2015 phone call with Plaintiffs' counsel.  As the Court noted in its Memorandum Opinion issued on July 25, 2016, Plaintiffs' counsel did not contact OMB between that phone call and the filing of the Complaint in this matter on November 11, 2015.  Mem. Opinion (July 25, 2016), ECF No. [31], at 11 n.5.  Additionally, OMB's paralegal specialist does not recall the phone conversation that appears to have occurred on September 30, 2015.  Hardy Second Decl., ECF No. [33-1], at ¶ 11.[1]  As such, when viewed in the larger context of OMB's broader efforts to narrow Plaintiffs' request, OMB's failure to follow up on the September 30, 2015 phone call appears to be nothing more than a good-faith mistake in communication, insufficient to alter the Court's finding that OMB has met its burden of showing that it has exercised due diligence in responding to Plaintiffs' FOIA request." *See Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 610 (D.C. Cir. 1976), quoting 5 U.S.C. § 552(a)(6)(c) ("If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.").  Moreover, as discussed above, and as discussed in greater detail in the Court's Memorandum Opinion issued on July 25, 2016, the record evidence indicates that OMB has "committed all appropriate and available personnel to the review and deliberation process." *Id.* at 612 n.11 (quoting S. Rep. on Freedom of

---

[1] The call transcript produced by Plaintiffs does not identify the OMB employee with whom Plaintiffs' counsel spoke.  *See* Gustafson Decl., ECF No. [24-1], at ¶¶ 2-8, Exhibit B.

Information Act and Amendments of 1974 (P.L. 93-502), 94th Cong., 1st Sess. 178 (1975)).

Accordingly, the grant of an *Open America* stay is appropriate.

2. OMB's FOIA Workforce

Plaintiffs also argue in their Motion for Reconsideration that the Court's Order issued on July 25, 2016 "overlooks OMB's own admission that its full-time FOIA workforce has doubled since OMB requested an *Open America* stay on the basis of its temporary personnel shortage in April." Pls.' Motion for Reconsideration, ECF No. [32], at 4.

Plaintiffs again repeat an argument that they raised during the initial briefing of Defendants' [23] Motion for an *Open America* Stay. *See* Pls.' Response to Defs.' Notice of Filing (July 13, 2016), ECF No. [24], at 4. Furthermore, the Court addressed and rejected Plaintiffs' arguments on the issue raised by Plaintiffs—whether or not OMB's FOIA workforce increased between April 2016, when OMB filed its Motion for an *Open America* Stay, and mid-July 2016, when upon request by the Court, OMB filed additional information regarding OMB's "multi-track processing system." *See* Mem. Opinion (July 25, 2016), ECF No. [31], at 10 n.4. Specifically, in the Court's Memorandum Opinion issued on July 25, 2016, the Court found that there was "no evidence in the record to suggest that OMB's FOIA staffing has changed since April 2016." *Id.*[2]

---

[2] Specifically, the Court held:

> OMB's submissions are not a model of clarity when it comes to identifying precisely which employees are in fact responsible for processing FOIA requests. From OMB's declaration and OMB's other pleadings, it appears that the two full-time employees dedicated to processing FOIA requests are OMB's FOIA Officer and a "dedicated FOIA paralegal specialist," who was hired by OMB in April 2015. See Hardy Decl., ECF No. [23-1], at ¶ 1-3, 6; *see also* Defs.' Notice, ECF No. [26], at 1. Plaintiffs interpret OMB's filings to conclude that OMB has hired additional FOIA staff since the filing of Ms. Hardy's declaration in April 2016, but the Court finds Plaintiffs' contention unavailing. The most recent Notice filed

Nonetheless, after Plaintiffs filed their Motion for Reconsideration, the Court issued a Minute Order requiring OMB to "clarify which employees are devoted to processing FOIA requests and whether they are devoted to processing FOIA requests and whether they are devoted to FOIA matters in a full-time or part-time capacity." Minute Order (July 27, 2016).

In response to that Minute Order, OMB submitted a declaration by its FOIA Officer, testifying that OMB's FOIA workforce had *not* doubled between April 2016 and mid-July 2016. Hardy Second Decl., ECF No. [33-1]. Rather, OMB's FOIA staffing continued to constitute the same two employees—a paralegal specialist and the agency's FOIA officer—with the only change being that the paralegal specialist's time commitment to FOIA matters had "increased in a negligible manner." Defs.' Opp'n to Pls.' Motion for Reconsideration, ECF No. [33], at 4.

OMB also indicated in their filing that in the final week of July, the agency filled the temporary independent contractor position that the agency had been attempting to fill for a number of months. *Id.* The contractor is specifically assigned to address the FOIA backlog by handling the processing of requests received in 2013 and 2014. *Id.* The contractor is expected to leave in December 2016. *Id.*

With the hiring of the temporary contractor, OMB's FOIA Officer testifies that OMB can now review approximately 750 documents per day—up from the previous total of 575 documents per day. Hardy Second Decl., ECF No. [33-1], at ¶ 16. However, because the contractor is specifically assigned to reducing the FOIA backlog, OMB is unable to commit to reviewing more than 500 emails each month that are potentially responsive to Plaintiffs'

---

> by OMB states clearly that OMB has two full-time employees dedicated to FOIA. See Defs.' Notice, ECF No. [26], at 1. *The Court finds no evidence in the record to suggest that OMB's FOIA staffing has changed since April 2016.*

Mem. Opinion (July 25, 2016), ECF No. [31], at 10 n.4 (emphasis added).

request—the rate at which OMB was reviewing records potentially responsive to Plaintiffs' request prior to the hiring of the temporary contractor—while also keeping up its current requests, continuing to make progress in reducing its backlog, and focusing on ongoing litigation.  *See id.*[3]

The Court accords OMB's affidavit a presumption of good faith, "which cannot be rebutted by purely speculative claims." *SafeCard Services, Inc. v. Securities and Exchange Commission*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  Accordingly, the Court re-affirms its finding that that OMB has successfully established that an *Open America* stay is warranted.[4]  OMB shall continue to review 500 documents per month with respect to Plaintiffs' request, in accordance with the Order issued on July 25, 2016.

Finally, the Court notes that the hiring of the independent contractor is expected to reduce the amount of the backlog of requests before the agency.  Therefore, there is a reasonable expectation that in the upcoming months, the number of "complex" requests pre-dating Plaintiffs' FOIA request will decrease, which could enable the agency to dedicate more resources to responding to Plaintiffs' request.  Accordingly, the Court shall require OMB to provide in its next status report—due on September 23, 2016—a status update describing the agency's progress in reducing the backlog of requests presently facing the agency, and a description of the

---

[3] OMB's FOIA Officer testifies that counting recent FOIA requests received by the agency, OMB is now processing approximately 99 FOIA request, including three of which are currently in litigation, in addition to the 27 requests that predate Plaintiffs' request.  Hardy Second Decl., ECF No. [33-1], at ¶ 16

[4] The Court also finds that OMB's hiring of another temporary contractor strengthens the grounds for the stay by showing OMB's continued due diligence towards reducing its backlog. *See Open America*, 547 F.2d at 610.

impact, if any, that it will have on the agency's ability to allocate more resources to responding to Plaintiffs' request.

### III.  CONCLUSION

For the foregoing reasons, and the for the reasons discussed in the Court's Memorandum Opinion issued on July 25, 2016—which have been fully incorporated into this Memorandum Opinion—the Court shall DENY Plaintiffs' [32] Motion for Reconsideration.

An appropriate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　United States District Judge